IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT WILSON,
    Plaintiff,

v.                                                    Civil No. 3:22cv691 (DJN)

DEPUTY O'BRYANT, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

Vincent Wilson, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for further evaluation of Wilson's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I. REVIEW UNDER THE PRISON LITIGATION REFORM ACT ("PLRA")**

Pursuant to the PLRA, this Court must dismiss an action filed by a prisoner proceeding *in forma pauperis* at any time during the course of litigation if it becomes clear that the action "is frivolous or malicious" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (setting forth grounds for dismissal). The courts have long recognized that inmate complaints against state officials are a particularly fertile arena for frivolous and malicious litigation. *Daye v. Bounds*, 509 F.2d 66, 68 (4th Cir. 1975) (cautioning

---

[1]     The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

the district courts to be particularly "diligent in acting to prevent state prisoners from calling upon the financial support of the federal government to prosecute frivolous civil suits intended to harass state prison officials").

This Court has recognized that:[2]

> The definition of a "malicious" action under 28 U.S.C. § 1915(d) is not as well-settled as the definition of frivolity. However, the decisions which have addressed the issue teach that it is appropriate to consider what the court's records show about the number and kinds of cases instituted by the *pro se* litigant, and the extent to which the conduct of that litigant constitutes an abuse of the judicial process. *See, e.g., Ballentine v. Crawford*, 563 F. Supp. 627, 629 (N.D. Ind. 1983) ("a complaint plainly abusive of the judicial process is properly typed 'malicious' within the context of Section 1915(d)").
> In *Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981), the United States Court of Appeals for the District of Columbia Circuit held that a complaint which merely **repeats pending or previously litigated claims** may be considered abusive. *Id.* at 1309. The court also held that a court may look to its own records in determining whether a pleading repeats prior claims. *Id. Accord Cello–Whitney v. Hoover*, 769 F. Supp. 1155 (W.D. Wash. 1991); *Spencer v. Rhodes*, 656 F. Supp. 458, 460 (E.D.N.C.), *aff'd*, 826 F.2d 1061 (4th Cir. 1987); *Ballentine v. Crawford*, 563 F. Supp. 627 (N.D. Ind. 1983); *Cf. Graham v. Riddle*, 554 F.2d 133, 135 (4th Cir. 1977) (tacitly approving the district court's inspection of its own records).

*Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (emphasis added), *aff'd*, 36 F.3d 1091 (4th Cir. 1994).

## II. THE CURRENT ACTION IS MALICIOUS

As pertinent here, in his Complaint, Plaintiff names the following individuals as defendants: Deputy O'Bryant, Deputy Hill, Lieutenant Howerton and Lieutenant Daley.[3] Plaintiff states:

---

[2]  The predecessor to the current *in forma pauperis* statute was found at 28 U.S.C. § 1915(d). Cases interpreting the prior statute are applicable to interpreting the current version. *Downey v. Angelone*, No. 3:02CV324, 2002 WL 32443534, at *2 (E.D. Va. Oct. 28, 2002), *aff'd*, 55 F. App'x 218 (4th Cir. 2003).

[3]  The Court employs the pagination assigned by CM/ECF. The Court corrects the capitalization, punctuation and spelling in the quotations from Plaintiff's Complaint.

> On July 13, 2022, at approximately 7:53 a.m. . . . the defendants came to housing unit 11A Cell #12 and told me that I had an outside appointment and to get ready which I did. While Defendant Hill #1223 placed the cuffs on my wrist I informed him that they were too tight and he told me as long as he can place a finger in them that they are good. I then ask for the lieutenant assigned to the floor even though all the defendants were present. I believe they basically said no, so I tried to back up in my cell with the cuffs, but the defendants pulled and yank on them. It's a leather belt attached to the cuffs that they was pulling, not caring if my wrist was swelling and arm bruised for a long time. The action of the defendants constituted cruel and unusual punishment in violation of the Eighth Amendment . . . . Next they lied about medical being notified on the write up . . . also resulting in cruel and unusual punishment . . . . Lastly, I had bruises on my wrist and arm for days and it was sore and swelling from the assault and misuse of force. Which is a tort under assault and battery in Virginia. Also, I was twice charge[d] with the same the same offense, I was street charged and institutionally charge and punished already and may be again resulting in [a] violation of the Fifth Amendment . . . ."

(ECF No. 1, at 8–9.)

The Court deems Plaintiff to make the following claims based on the foregoing allegations.

| | |
|---|---|
| Claim One | Defendants used excessive force against Plaintiff when they applied the handcuffs too tightly and then pulled on the leather belt attached to the handcuffs. |
| Claim Two | Defendants denied Plaintiff adequate medical care for the injuries he sustained from the handcuffs. |
| Claim Three | Defendants violated Plaintiff's rights under the Fifth Amendment by charging him both with an institutional offense and a state criminal offense. |
| Claim Four | Defendants' actions with respect to applying and pulling on the handcuffs amounted to assault and battery under Virginia law. |

Wilson currently has pending before this Court another action regarding this incident involving the same defendants and raising nearly identical claims. *See Wilson v. O'Bryant*, No. 3:22CV556 (DJN), 2023 WL 6319291, at *1 (E.D. Va. Sept. 27, 2023) ("*Wilson v. Bryant I*"). The present action is abusive and malicious. *See Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (complaints that simply repeat pending or previously litigated claims may qualify as

3

abusive), *aff'd*, 36 F.3d 1091 (4th Cir. 1994). Accordingly, the action will be DISMISSED WITHOUT PREJUDICE to Plaintiff's litigation of the claims raised in *Wilson v. Bryant I*.

The parties' outstanding motions (ECF Nos. 17, 20–22, 24, 25) will be DENIED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia Dated:
November 27, 2023