IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT WILSON,
Plaintiff,

v.   Civil No. 3:22cv691 (DJN)

DEPUTY O'BRYANT, *et al.*,
Defendants.

**MEMORANDUM OPINION**

Vincent Wilson ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this 42 U.S.C. § 1983 action. By Memorandum Opinion and Order entered on November 27, 2023, the Court dismissed the action as abusive and malicious. (ECF Nos. 27, 28.) The matter is before the Court on Plaintiff's Motions for Reconsideration (ECF Nos. 33, 35) filed on August 4, 2025, and September 29, 2025. (ECF Nos. 33, 35.) These motions are governed by Federal Rule of Civil Procedure 60(b). *See In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992).

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It constitutes an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." *Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v.*

*Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Wilson fails to satisfy the threshold requirements for Rule 60(b) relief, much less identify and satisfy any of the six specific sections for 60(b) relief. Initially, the Court notes that Wilson's Motions for Reconsiderations are untimely. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Although Wilson does not identify the section of Rule 60(b) under which he is proceeding, his Motions, filed more than eighteen months after the challenged judgment, were not filed within a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Further, the Court notes that Wilson fails to demonstrate any exceptional circumstances. To the extent that Wilson disagreed with the Court's conclusion that his action was abusive or malicious, he should have appealed that conclusion. *See Peacock v. Bd. of Sch. Comm'rs of City of Indianapolis*, 721 F.2d 210, 214 (7th Cir. 1983) (observing that "it is quite clear that a Rule 60(b) motion cannot do service for an appeal" (citing *Inryco, Inc. v. Metropolitan Engineering Co., Inc.*, 708 F.2d 1225, 1230 (7th Cir. 1983))). For all of these reasons, Wilson's Motions for

Reconsideration (ECF Nos. 33, 35) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Wilson.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: February 11, 2026